**Verified Complaint in Admiralty and Equity**



**COURT:** United States District Court for the District of Florida

8:26-cv-220-MSS-NHA

**PARTIES:** [Wesley Kelly], Plaintiff (and Claimant in Admiralty) vs. [DAY PVC d/b/a THE ARTISAN, Sheriff of Hillsborough County Defendants.

## I. BASIS FOR JURISDICTION

This action is brought under Article III, Section 2 of the U.S. Constitution (Admiralty and Maritime Jurisdiction) and 28 U.S.C. § 1333.

Plaintiff invokes the Supplemental Rules for Admiralty or Maritime Claims, specifically Rule B (Attachment) and Rule C (Actions In Rem).

The subject property located at [305 meadows ct apt 168 Daytona Florida 32114] is hereby identified as the "Res" (the Vessel) currently under an unlawful "Arrest" by the State Court without a Warrant in Rem or proper service.

## II. STATEMENT OF CLAIM

4. A "Notice" was left on the door of the Res on [01/02/2026]. This does not constitute "Service of Process" under maritime or constitutional standards.

5. Plaintiff filed a Motion to Quash in the State Court [Case 2025 30694 coci], which was denied, resulting in a Denial of Due Process and a failure of the State Court to exercise lawful jurisdiction.

6. The attempted eviction by the Defendants is an unlawful seizure of the Res under a void judgment.

III. EQUITY MAXIMS INVOKED

7. Equity will not suffer a wrong to be without a remedy: Since the State Court has closed its doors to the issue of service, only this Court of Equity can provide a remedy.

8. Equity regards as done that which ought to have been done: Service ought to have been personal; therefore, the current Writ is a nullity.

9. Equity acts in personam: This Court has the power to order the Landlord and Sheriff to cease their unlawful actions.

IV. VERIFICATION I, [Wesley Kelly], declare under penalty of perjury that the foregoing is true and correct.