UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WESLEY KELLY,

     Plaintiff,

v.                                                                    Case No: 8:26-cv-220-MSS-NHA

DAY PVC d/b/a THE ARTISAN and
SHERIFF OF HILLSBOROUGH
COUNTY,

     Defendants.

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Emergency Motion for TRO and Preliminary Injunction to Stay State Court Proceedings, (Dkt. 3), and Plaintiff's Complaint. (Dkt. 1) Through his Motion and Complaint, Plaintiff requests an immediate stay of execution of a writ of possession entered in a state court eviction proceeding and an order restraining the Sheriff from entering Plaintiff's property until a hearing on the merits of service of process is held. (Dkt. 3 at 1) Upon consideration of the motion, the filings, and being otherwise fully advised, the Court orders that Plaintiff's Motion is **DENIED** and Plaintiff's Complaint is **DISMISSED** without leave to amend.

First, Plaintiff's Motion is procedurally defective. Middle District of Florida Local Rule 6.01(a) provides, "A motion for a temporary restraining order must include: . . . (4) a precise and verified explanation of the amount and form of the

required security; (5) a supporting legal memorandum; and (6) a proposed order." L.R. 6.01(a), M.D. Fla. (2025) (emphasis added). Plaintiff's Motion does not comply with Local Rule 6.01(a) because, among other reasons, there is no reference to security, there is no legal memorandum, and there is no proposed Order. Procedural defects alone warrant denial of the requested extraordinary relief.

In addition, Federal Rule of Civil Procedure 65(b) allows for the issuance of a temporary restraining order without notice to the nonmoving party only under certain limited circumstances. Specifically, the Rule provides that the Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney **only** if: the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1)(B). Plaintiff's Motion fails to adequately comply with this requirement because Plaintiff has also failed to describe any efforts to send written or oral notice to Defendants of the instant Motion or provide reasons why notice should not be required.

With respect to the request for a preliminary injunction, Federal Rule of Civil Procedure 65(a)(1) allows for the issuance of a preliminary injunction **only** on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). Given Plaintiff's lack of notice, his motion for a preliminary injunction must also fail.

Finally, the Court notes that the only relief Plaintiff seeks in this case is to enjoin ongoing state court proceedings. Thus, abstention is appropriate under the <u>Younger</u> abstention doctrine. <u>Younger v. Harris</u>, 401 U.S. 37 (1971). Under the <u>Younger</u> abstention doctrine, federal courts ordinarily must refrain from deciding the merits of

a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding.  See Leonard v. Ala. St. Bd. of Pharmacy, 61 F.4th 902, 908 (11th Cir. 2023). Here, (1) Plaintiff's filings make clear that there is a pending judicial proceeding; (2) eviction proceedings implicate important state interest; and (3) Plaintiff has an adequate opportunity to raise his claims in the state proceeding. See, e.g., Thomas v. Florida, No. 3:19-cv-365-J-34JRK, 2019 WL 1767228, at *2 (M.D. Fla. Apr. 22, 2019) (collecting cases to support federal court application of the Younger doctrine as a bar against enjoining state court eviction proceedings).

Moreover, Plaintiff's request is also barred by the Anti-Injunction Act. See 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). "None of these three exceptions apply to requests of federal courts for a preliminary injunction to enjoin the execution of a state court judgment that authorizes an eviction." Gomez v. Wash. Mut. Bank, No. 17-cv-60960-WPD, 2017 WL 6949244, at *1 (S.D. Fla. Apr. 13, 2017). Moreover, where *in rem* jurisdiction of a state court "has first attached, [a] federal court is precluded from exercising its jurisdiction over the same *res* to defeat or impair the state court's jurisdiction." Kline v. Burke Constr. Co., 260 U.S. 226, 229 (1922); see also Alonso Cano v. 245 C & C, LLC, No. 19-cv-21826, 2020 WL 7872626, at *4 (S.D. Fla. Dec. 15, 2020) ("The state court acquired in rem

3

jurisdiction over the property on February 1, 2018 when the defendants commenced an eviction action in [state court].").

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, (Dkt. 3), is **DENIED**.

2. Plaintiff's Complaint, (Dkt. 1), is **DISMISSED**.

3. The Clerk is **DIRECTED** to terminate any pending motions and **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of February 2026.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party

4